**Gregory G. Garre**
Direct Dial: (202) 637-2207
gregory.garre@lw.com

# LATHAM&WATKINS LLP

555 Eleventh Street, N.W., Suite 1000
Washington, D.C.  20004-1304
Tel: +1.202.637.2200  Fax: +1.202.637.2201
www.lw.com

FIRM / AFFILIATE OFFICES

| | |
|---|---|
| Austin | Milan |
| Beijing | Munich |
| Boston | New York |
| Brussels | Orange County |
| Century City | Paris |
| Chicago | Riyadh |
| Dubai | San Diego |
| Düsseldorf | San Francisco |
| Frankfurt | Seoul |
| Hamburg | Silicon Valley |
| Hong Kong | Singapore |
| Houston | Tel Aviv |
| London | Tokyo |
| Los Angeles | Washington, D.C. |
| Madrid | |

September 30, 2024

**VIA ECF FILING**

Jarrett B. Perlow
Circuit Executive & Clerk of Court
United States Court of Appeals for the Federal Circuit
717 Madison Place, NW
Washington, DC 20439

> Re: Plaintiffs-Appellants' Response to Rule 28(j) Letter Submitting Supplemental Authority in *Purdue Pharma L.P. v. Accord Healthcare, Inc.*, No. 23-1953

Dear Mr. Perlow:

Accord's reliance on the district court's decision in *Purdue Pharma v. Accord Healthcare*, No. 23-913, 2024 WL 4120717 (D. Del. Sept. 9, 2024) ("*Accord II*" or "Op."), as "new persuasive authority" (ECF No. 40 at 1) for this appeal is fundamentally misplaced.

*Accord II* involved different patents, with different claim limitations, and a substantially different trial record.  The snippets of Judge Bryson's comments on evidence in *Accord II* that Accord cherry picks in its letter are in no sense "authority" (ECF No. 40 at 1).  And those snippets can have no impact on review of the different trial record *in this case*, which includes evidence that:

- Accord itself stipulated that "Bartholomaus does not teach the curing process recited in the asserted claims."  Appx1819.

- Accord admitted that none of the oven art references "discloses heating [PEO] above its softening [or melting] point," Appx1819—as did its own expert, Dr. Appel, Appx5321.

- Dr. Appel acknowledged the belief that heating PEO above its melting point would cause PEO to "puddle" or otherwise degrade.  Appx5265.  This explains why achieving an abuse-deterrent tablet by heating PEO above its melting point in an oven (without compression) was far from predictable.

- Dr. Appel admitted that there are numerous different factors to consider in creating an abuse-deterrent tablet—"materials," "architecture," and "process," Appx5244, each with numerous sub-variables. This admission alone defeats any contention that there were finite (or predictable) options a POSA might try.

More generally, Judge Bryson was not tasked with reviewing Judge Andrews' decision for error. Instead, Judge Bryson followed Judge Andrews' decision "as a matter of stare decisis." Op. at *4. He therefore had no occasion to consider the arguments before this Court.

Finally, *Accord II* did not involve any low-ABUK patent. Perhaps the most striking aspect of Judge Andrews' decision is that, while he acknowledged that Purdue's scientists discovered 8α and that "8α's surprising reactivity made it a surprisingly important component of the solution to lowering 14-hydroxy," Appx47, he inexplicably found the low-ABUK patents obvious.

Time will come for appellate review of *Accord II*, but it has no bearing on this appeal.

Respectfully submitted,

*/s/ Gregory G. Garre*
Gregory G. Garre
of LATHAM & WATKINS LLP

*Counsel for Plaintiffs-Appellants*
*Purdue Pharma L.P., Purdue Pharmaceuticals L.P., Rhodes Technologies*

cc: Counsel of Record via ECF